IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CARL E. WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **06-557-DRH** |
| | ) | |
| **THOMAS M. SCHRAM, and** | ) | |
| **FOODLINER, INC.,** | ) | |
| **d/b/a Quest Logistics,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiff's Motion to Compel Supplemental Discovery Responses. **(Doc. 58)**.  Defendants filed a response at **Doc. 60**, and plaintiff filed a reply at **Doc. 61.**

The motion and related pleadings present a number of issues, mostly arising from the parties' mutual failure to follow the applicable rules.  There has been a regrettable pattern of failure to follow the Federal Rules of Civil procedure, this district's local rules, and this district's electronic filing rules in this case.  See, e.g., **Doc. 27** and the numerous notices of errors and notices striking electronically filed documents entered by the Clerk's Office.

At issue here are plaintiff's supplemental discovery requests.  On August 22, 2007, plaintiff mailed supplemental interrogatories and requests for production.  When defendants made no response within the time allowed by Rules 33(b) and 34(b), plaintiff filed his motion to compel, **Doc. 58.**   On October 9, 2007, defendants belatedly responded to the discovery requests.  The responses consisted of both objections and answers.  **See, Doc. 60, Ex. B**.[1]

---

[1]Note that exhibits should be filed as attachments to the pleading, and not simply appended to the end of the main pleading.  See, CMECF User's Manual, Sec. 4.0, pp. 4.7 - 4.8.  Also, copies of pleadings that have already been filed should not be filed again as exhibits.  See, Manual, Sec. 4.0, p. 4.9.

Plaintiff then filed **Doc. 61**, which he denominated a reply.  However, **Doc. 61** is really a new motion, as plaintiff is now challenging the sufficiency of defendants' responses.

This lawsuit arises out of a vehicular accident.  Defendants' vehicle was a tractor/trailer which contained a GPS/satellite communication device that was evidently supplied to it by an entity known as PeopleNet Communications.  The vehicle was sold for salvage after the accident.  In **Doc. 61**, plaintiff explains that he is seeking the "box identification and/or device number "so that he can subpoena GPS satellite information from PeopleNet Communications. **See, Doc. 61, ¶4.**

In response to the supplemental discovery requests, defendants produced records relating to satellite tracking information for the six month period prior to the accident, and satellite communication information from July 4, 2004, through July 16, 2004, which was the date of the accident.  The relevance of these records is not readily apparent, but defendant waived any such objection by failing to timely raise the issue.

Plaintiff now complains that the records produced do not contain the box identification and/or device number.  However, neither the supplemental interrogatories nor the supplemental requests for production specifically ask for that information.

Upon consideration and for good cause shown, Plaintiff's Motion to Compel Supplemental Discovery Responses **(Doc. 58)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  November 28, 2007.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**