IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARL E. WILLIAMS,**

**Plaintiff,**

**v.**

**THOMAS M. SCHRAM and**
**FOODLINER, INC., d/b/a**
**QUEST LOGISTICS,**

**Defendants.**                                                No. 06-CV-00557-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Now before the Court are two pending motions: Defendants' motion for sanctions (Doc. 89) and Plaintiff's motion for sanctions (Doc. 93). The Court held a hearing on the motions on June 12, 2008. Having considered all of the facts and arguments presented at the hearing and in the parties' briefs, the Court finds as follows.

### II. MOTIONS FOR SANCTIONS

**A.  Legal Standard**

**Federal Rule of Civil Procedure 26** requires parties to make certain disclosures in accordance with the case-specific scheduling order set by the Court. Failure to comply with **Rule 26** may result in sanctions pursuant to **Federal Rule**

of Civil Procedure 37**.  Specifically, **Rule 37(c)** provides that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." **Fed. R. Civ. P. 37(c).**  Plaintiff and Defendants have each filed motions requesting the court to bar either portions of opposing witnesses' testimony or the testimony of certain witnesses in its entirety. (Docs. 89 and 93.)

**B.   Defendants' Motion for Sanctions**

    **1.   Dennis Wylie**

Defendants argue that Plaintiff failed to timely disclose and provide copies of documents Wylie relied upon in making his report. Specifically, Defendants complain that Plaintiff sent 272 pages of documents referenced by Wylie on December 6, 2007, two days prior to the deposition of Wylie.  Defendants argue that this late disclosure prejudiced Defendants' ability to cross-examine Wylie.  Plaintiff responds that the disclosure was within the discovery deadline set by the Court.  At the hearing, Defendants maintained that the disclosures were late but conceded that they were, in fact, within the deadline.  Although the Court would always encourage counsel to turn over discovery as soon as practicable, the Court will not sanction a party as long as the disclosures are made within the time line set by the Court's scheduling order.   The Court finds that Plaintiff's disclosures were timely and therefore Wylie's testimony will not be barred on this basis.

2

In addition, the Court finds that there is sufficient factual evidence to support Wylie's opinions. The weight that should be given to the evidence is a question for the jury, not the court.

### 2. Wes Grimes

Defendants next argue that the Court should exclude certain documents Grimes relied upon, which were not produced within the discovery deadline. Specifically, Defendants request that the following documents be excluded:

- Computer printouts generated from the computer simulations prepared by Mr. Grimes in 2005;
- A hand drawn schematic from physical measurements taken from the police report;
- Measurements from photogammeric analyses done by Mr. Grimes office in 2005;
- Hand calculations of speed made by Mr. Grimes office in 2005;
- Vehicle specs obtained in 2005;
- Inspection photos, 75 in number obtained by Mr. Grimes in September 2004; and
- A diagram of the final rest and points of impact positions of the vehicles involved in the accident.

(Doc. 89, p. 6.) In response, Plaintiff recites a number of documents that were disclosed in Grimes' report; however, none of these documents overlap with the documents listed above that Defendants maintain they never received. Mr. Grimes' deposition appears to confirm that many of these documents were never provided to Defendants. Hence, Plaintiff failed to fully comply with **Rule 26(a)(2)**. Those documents listed above that were not disclosed in accordance with **Rule 26(a)(2)** are barred. Mr. Grimes may not rely on these documents to form any opinions.

### 3. Dr. Merrill Mitler

3

Defendants contend that Dr. Mitler formed opinions based upon articles that were not properly disclosed or even referenced in his report. Again, Plaintiff asserts that the articles were disclosed in Dr. Mitler's report. Defendants reply, with supporting testimony from Dr. Mitler's deposition, that while *some* articles were disclosed or referenced in the report, there were other articles - which he relied upon to form his opinions - that were not cited in Mitler's report. Pursuant to **Rule 26(a)(2)**, any opinions based upon these undisclosed articles are barred.

Defendants further argue that there is no factual basis to Dr. Mitler's finding that Mr. Schram was fatigued or that Foodliner violated the Federal Motor Carrier Safety Regulations. As with Mr. Wylie, the Court finds that there is sufficient factual evidence to support Dr. Mitler's opinions. The weight that should be given to the evidence is a question for the jury, not the court.

### 4. Jan Klosterman

Next, Defendants assert that Jan Klosterman offers opinions beyond the scope of her expertise as a Life Care Plan expert. Plaintiff responds that Klosterman is a certified life-care planner and qualified to render opinions in her area of expertise. Essentially, Defendants and Plaintiff disagree upon whether the life-care plan developed by Ms. Klosterman is based on her own assessment of Plaintiff's needs or his doctors' assessment.

The Court finds that Defendants have failed to proffer sufficient evidence to support their contention that Klosterman generated her own medical opinions.

Defendants argue that Dr. Goodall's testimony is proof that Klosterman relied upon her own assessments of Plaintiff to develop her life-care plan, rather than the expertise and assessments made by Plaintiffs' medical doctors. The Court disagrees. The Court finds that insufficient evidence exists at this time to find that Klosterman exceeded the scope of her expertise. If during the course of trial, the Court finds differently, the Court reserves the right to bar Klosterman's testimony. The Court will only allow Klosterman to testify to the costs of care that have been prescribed by a medical doctor.

  **5. Dr. Thomas Goodall and Dr. Jan Saunders**

Plaintiff initially disclosed both Dr. Goodall and Dr. Saunders as experts pursuant to **Rule 26(a)(2)**. However, Plaintiff did not provide a written report for either Dr. Goodall or Dr. Saunders; instead, Plaintiff claims that Dr. Goodall and Dr. Saunders are merely treating physicians and therefore, the disclosure requirements for retained experts do not apply to them. Plaintiff is correct that a written report is only required of retained experts and that treating physicians, according to the Advisory Committee Notes for Rule 26, "can be deposed or called to testify at trial without any requirement for a written report." Defendants argue, however, and the Court agrees that as treating physicians, Dr. Goodall and Dr. Saunders will only be allowed to testify as to the treatment they have personally provided to plaintiff as a patient in their care. Dr. Goodall and Dr. Saunders will not be allowed to testify as to their opinions based on their review of any other doctor's treatment or

5

recommendation.

C.     **Plaintiff's Motion for Sanctions**

    1.    **Dr. Marshall Matz and Marianne H. Boeing, R.N.**

Plaintiff's motion for sanctions (Doc. 93) argues that Defendants' attorney intentionally filed a false and misleading disclosure for Dr. Marshall Matz. Specifically, Plaintiff insists that Defendants failed to comply with **Federal Rule of Civil Procedure 26(a)(2)(B)** in two important respects: 1) Plaintiff claims that Dr. Matz did not prepare the written report as required by **Rule 26(a)(2)(B)** and 2) Plaintiff maintains that Defendants' attorney working in tandem with Dr. Matz provided a greatly abridged version of all of the cases in the last fours years where Mr. Matz testified as an expert. Defendants' counsel conceded both in his briefs, as well as at the hearing on this matter, that he prepared the report in consultation with Dr. Matz. More importantly, Defendants' counsel admits that an incomplete list of testimonial history was provided to Plaintiff's counsel, but argues that he has since attempted to fill in the gaps by conducting independent research into Dr. Matz' testimonial history because Dr. Matz does not keep track of the cases in which he testifies.

In the case of Marianne Boeing, Plaintiff complains that Ms. Boeing's report states that Ms. Boeing reviewed medical records of Carl William from 1988 to 2007 when, in fact, she testified at her deposition that she had only reviewed a medical chronology outline prepared by Defendants' attorney. Defendants' counsel

responds that the disclosure was in error, but that the error was harmless.

The Court is very concerned by defense counsel's conduct in this matter. As the Court stated during the hearing, it is nearly impossible for the Court to understand how defense counsel could possibly have thought that the six cases disclosed in the initial report covered all of Dr. Matz's testimonial history. Defense counsel maintains that there was no attempt to mislead or defraud Plaintiff or the Court. Regardless of whether defense counsel's conduct was intended to mislead the Court, it is counsel's responsibility to fully and completely abide by the **Federal Rules of Civil Procedure**. Defense counsel asserts that there was "no attempt to hide the fact that Dr. Matz testified in other cases; there simply was no list of many of these cases." That fact alone should have stopped defense counsel from retaining Dr. Matz as an expert. Counsel should know that **Rule 26(a)(2)B)(iv)** requires a complete disclosure of all cases in which a retained expert has testified, a rule which is supported by sound reasoning. For defense counsel to have knowingly disclosed an incomplete list of cases is unacceptable. Clearly Dr. Matz's report fails to comply with the requirements of **Rule 26(a)(2)(B)**. Furthermore, the Court finds that Marianne Boeing's disclosure was also in error. Although defense counsel would like to believe such errors were harmless, the Court disagrees and finds that errors such as these make it very difficult for opposing counsel to properly prepare for depositions and trial.

In light of the foregoing, the Court **GRANTS** Plaintiff's motion for

sanctions and **STRIKES** the reports and testimony of Dr. Matz and Ms. Boeing. Neither expert will be allowed to testify at trial. Furthermore, due to the serious nature of this conduct, the Court will require Defendants to pay Plaintiff's costs and attorney fees incurred in pursuit of Plaintiff's motion for sanction as a sanction pursuant to **Federal Rule of Civil Procedure 37(c)(1)(A)**. (Doc. 93.)

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for sanctions (Doc. 89) and **GRANTS** Plaintiff's motion for sanctions (Doc. 93).

**IT IS SO ORDERED.**

Signed this 30th day of June, 2008.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**