IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL E. WILLIAMS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **06-557-DRH** |
| **THOMAS M. SCHRAM, et al.,** | ) ) ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the court are Defendants' Motion for Protective Order **(Doc. 102)**, Defendants' Amended Motion for Protective Order **(Doc. 113)**, and Defendants' Motion to Seal Certain Discovery Responses **(Doc. 114)**.

These motions relate to plaintiff's discovery requests seeking information about defendant Foodliner's financial status. Plaintiff has prayed for punitive damages. Defendant filed a motion for summary judgment on the issue of punitive damages. Chief Judge Herndon recently denied the motion, finding that there is sufficient evidence to submit to the jury claims for punitive damages against both defendant Foodliner and defendant Schram. **See, Doc. 140.**

Essentially, Foodliner does not want information about its financial status to become public because it feels that the publication of such information would have a detrimental effect on its business interests. See, affidavit attached to **Doc. 114.** However, that circumstance does not justify the entry of a protective order.

Motions for protective orders in this District are governed by *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, **178 F.3d 943 (7th Cir. 1999)**, and *Union Oil*

1

*Company of California v. Leavell*, **220 F.3d 562 (7th Cir. 2000)**.

"[T]he tradition that litigation is open to the public is of very long standing." *Union Oil*, **220 at 567.** In keeping with that tradition, this court looks at requests for protective orders with a critical eye.

In *Citizens First National Bank*, the Seventh Circuit cautioned that judges must not grant "virtual *carte blanche* to either party to seal whatever portions of the record the party want[s] to seal." *Citizens First National Bank*, **178 F.3d at 944.** It is the court's duty to make a determination of good cause in order to seal <u>any</u> part of the record in a case. *Citizens First National Bank*, **178 F.3d at 944.** Defendants have not shown good cause to seal Foodliner's financial information. Under the above-cited precedents, the court cannot enter a protective order or order the information sealed. Of course, the parties are free to enter into a confidentiality agreement, but any such agreement would not be enforceable in this court. Further, any such agreement would obviously have no effect during the trial of this case.

Upon consideration and for good cause shown, Defendants' Motion for Protective Order **(Doc. 102)**, Defendants' Amended Motion for Protective Order **(Doc. 113)**, and Defendants' Motion to Seal Certain Discovery Responses **(Doc. 114)** are **DENIED**.

IT IS SO ORDERED.

DATE: August 1, 2008.

    s/ Clifford J. Proud
    **CLIFFORD J. PROUD**
    **UNITED STATES MAGISTRATE JUDGE**